## NANNEY v. WILSON.

Court of Appeals of Kentucky.
Dec. 5, 1952.

Woodward, Hobson & Fulton and L. Lyne Smith, Jr., Louisville, for appellant.

Herbert H. Monsky, Louisville, for appellee.

CAMMACK, Chief Justice.

This is an appeal from a judgment for the defendant on a directed verdict given at the conclusion of the plaintiff's evidence. The action was instituted by the administrator of the estate of S. E. Nanney against I. J. Wilson to collect a $1,500 note which I. J. Wilson and his wife had executed to S. E. Nanney. It was first alleged that the note had been lost, but in an amended petition it was set forth that the note had been produced by I. J. Wilson after the institution of the action. Wilson asserted that the note had been settled and delivered to him by Mr. Nanney before his death. The note was executed in January, 1945, by Mr. Wilson and Mrs. Wilson (Mrs. Wilson was dead at the time of the institution of the action).

Mr. S. E. Nanney and his daughter, Mrs. Wilson, lived in Louisville, and did business with the Beaver Dam Deposit Bank, of which Mr. Marshall Barnes was president. A confidential relationship existed between Mr. Barnes and Mr. Nanney and his daughter. Mr. Barnes had access to Mr. Nanney's deposit box. On October 5, 1945, Mrs. Wilson wrote the following letter to Mr. Barnes:

"Dear Marshall:

"Please deposit this note to my account and send the note of Dads (in his or Edmons vault) against I. J. and I to me and I'll send a check for it to be deposited in his name.

"Dad is very sick has been for several months quiet a bit of care, but I haven't lost much weight.

"Best regards to your family.

"Thank you.

"Mary   Mrs. I. J. W."

Mr. Barnes said he received the letter and, in compliance with the request, sent Mrs. Wilson the $1,500 note, but she did not send a deposit to cover it.

In his motion and grounds for a new trial counsel for the appellant set forth that the verdict was contrary to law because (1) the court erred in peremptorily instructing the jury to return a verdict for the defendant; and (2) the court erred as a matter of law in rejecting the testimony of Mr. Marshall Barnes and the letter written to Mr. Barnes by Mrs. Wilson. Counsel for the appellant devotes all of his brief save one paragraph to the question of the admissibility of Mrs. Wilson's letter to Mr. Barnes. This was unnecessary because the letter was admitted in evidence. It would have been much more helpful to us had he briefed the question at issue; namely, was the trial court correct in giving a peremptory instruction in favor of the appellee at the conclusion of the appellant's evidence?

Since the question was presented in the motion and grounds for a new trial and was mentioned, though incidentally, in the appellant's brief, we deem it necessary to consider it. We think the trial court erred in giving the peremptory instruction. Mrs. Wilson's letter to Mr. Barnes and Mr. Barnes' testimony show clearly that Mrs. Wilson obtained possession of the note under the assurance that she was going to send a check to cover it. It may well be, as pleaded by Mr. Wilson, that, subsequently, the note was satisfied and delivered to him. However, nothing to that effect is shown on the note, which was filed with the record. Under the circumstances, we think Mr. Wilson should have been required to go forward with his proof concerning the satisfaction of the note.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.